John T. Nicodem, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

240

Argued June 6, 1979, before President Judge Bow-MAN and Judges CRUMLISH, JR., MENCER, BLATT, DI-SALLE, CRAIG and MACPHAIL. Judges WILKINSON, JR. and ROGERS did not participate.

*Stephen Cohen,* with him *Cohen & Protasio,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Elisabeth Shuster,* Deputy Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 27, 1979:

John T. Nicodem appeals an order of the Pennsylvania State Police Court Martial Board which imposed a 60-day suspension without pay and transferred his duty location. Trooper Nicodem was found guilty of violating State Police internal operating procedures. More specifically, upon the advice of counsel, he refused to give a written report of an alleged rumor-spreading incident to a superior investigating officer and refused to answer an oral command.

Nicodem first argues that the orders to respond to the internal investigation were unlawful because his superior had already made a predetermination of the outcome. Nothing in the record supports the argument that the orders were improperly motivated. To the contrary, they were reasonable and, by refusing to provide the details requested in pursuit of the proper investigation, Nicodem's conduct constituted an intentional disregard of employer's regulations.

Nicodem next argues that the failure to provide him with a copy of the investigation report before the Court Martial proceeding deprived him of the right to effective assistance of counsel. The report involved the internal investigation of the rumor-spreading incident. We do not reach the question of whether Nicodem had a right to the report. Counsel for the defendant was given the opportunity to review the report during a recess in the Court Martial proceeding and the complaint is therefore moot.

Finally, Nicodem argues that the entire Court Martial proceeding was arbitrary, capricious and in toto a violation of due process. The general claim that due process was offended by the manner of enforcing the disciplinary regulations is not at all supported by the record. Nicodem intentionally refused to cooperate in the internal investigation upon the advice of counsel and on his judgment that the investigation was improper. Under the circumstances outlined in the recorded testimony, it is clear that such a course constituted a violation of State Police regulations intended to enforce discipline and maintain integrity of the unique governmental agency.

Accordingly, we

ORDER

AND Now, this 27th day of September 1979, the order of the Commissioner of the Pennsylvania State Police dated February 8, 1978, is affirmed.